UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IVAN ARROYO, for himself and on behalf of all others similarly situated,

        Plaintiffs,

-against-

NYU LANGONE HOSPITALS,

        Defendant.

Civ. No.: 19-1624

**NOTICE OF REMOVAL**

[Removed from Supreme Court of the State of New York, County of New York, Index No. 150525/2019]

---

PLEASE TAKE NOTICE that Defendant NYU Langone Hospitals ("NYU Langone" or "Defendant"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and 29 U.S.C. § 185(a), hereby gives notice of the removal of this action from the Supreme Court of the State of New York, County of New York (Index No. 150525/2019), where it originally was filed and currently is pending, to the United States District Court for the Southern District of New York.

Defendant states the following in support of removal:

**PROCEDURAL BACKGROUND**

On or about January 18, 2019, plaintiff Ivan Arroyo ("Plaintiff"), a former security officer employed by NYU Langone, initiated this putative class action against NYU Langone by filing a Summons and Complaint in the Supreme Court of the State of New York, County of New York. A copy of Plaintiff's Summons and Complaint ("Compl.") is annexed hereto as Exhibit A.

Plaintiff brings this action on his own behalf and on behalf of a putative class "consisting of each and every other person who performed work as a security guard and in other related trades for Defendant at any time between January 2013 and the present [the "Putative Class]" (Compl. at ¶ 7).

The Complaint purports to bring two causes of action on behalf of Plaintiff and the Putative Class. In the First Cause of Action, Plaintiff alleges that NYU Langone failed to pay "all earned overtime compensation for hours worked after the first forty (40) hours in a week," in violation of New York Labor Law ("NYLL") § 663 and 12 NYCRR § 142-2.2. *See* Complaint at ¶¶ 21-27. In the Second Cause of Action, Plaintiff alleges that NYU Langone failed to pay wages for "time spent changing in the locker room, time spent assembling for roll call before each shift, time spent waiting for relief workers to appear the end of each shift, and time spent at the end of the shift going back to the locker room to change and store the security uniform." *Id.* at ¶¶ 29-32.

The terms and conditions of the employment of all security officers employed by NYU Langone, including Plaintiff and the Putative Class, have at all times relevant to the Complaint been governed by collective bargaining agreements ("CBAs") between NYU Langone Hospitals (formerly NYU Hospitals Center) and Local One Security Officers Union (the "Union"). The first such relevant agreement, in effect from September 14, 2009 through February 28, 2014, is annexed to the Declaration of Pedro Perez ("Perez Decl."), submitted in support of this Notice of Removal, as Exhibit A. The second such relevant labor agreement, dated March 1, 2014 through February 28, 2019, is annexed to the Declaration of Pedro Perez as Exhibit B.[1]

The CBAs cover "all regular full-time, and regular part-time, Security Officers, Security Specialists, Executive-Driver Security Officers and Sergeant Guards now employed or who shall be employed" by NYU Langone. Perez Decl., Exh. A at 1, Exh. B at 1. As such, Plaintiff and all members of the Putative Class were and remain members of the Union and subject to the terms and conditions set forth in the CBA at all times relevant to the Complaint.

---

[1] In determining subject matter jurisdiction for removal of a complaint, courts "may consider materials outside of the complaint, such as documents attached to a notice of removal[.]" *Romero v. DHL Express (U.S.A.), Inc.,* 2016 U.S. Dist. LEXIS 154279, at *3 (S.D.N.Y. Nov. 4, 2016).

Like all labor agreements, the CBAs establish the terms and conditions of employment for all of NYU Langone's security officers, including hours of work, rates of pay, entitlement to overtime pay, and other terms and conditions of employment. *See generally* Perez Decl., Exh. A, Exh. B. Among the various terms and conditions of employment covered by the CBAs definitively address the wage payment practices that are the precise subject of the Complaint:

> After employees are relieved by their replacement, he/she is to report to the muster room to check-in all equipment and then participate in a collective muster to report and discuss developments and observations. Upon the conclusion of said muster, absent a need for any/all employee to perform a new assignment, each employee shall then be permitted to change into his/her civilian clothing before signing out. Employees are not required to change into civilian clothing, and may wear their uniforms to and from work[.]"

Perez Decl., Exh. A at 6; Exh. B at 6.

The CBAs also require that disputes concerning the interpretation or application of any of the provisions, terms or conditions of the CBAs must be resolved through a grievance and arbitration process. *See* Perez Decl., Exh. A at 7-9, Exh. B at 7-9.

The Union and its members know how to file and pursue grievances concerning the terms and conditions of the CBAs. Indeed, a grievance concerning what appears to be the identical substance of this litigation (*i.e.*, changing into and out of uniforms before and after shifts) was filed by the Union and/or its members in 2009—all of whom would be members of the Putative Class. *See* Perez Decl. at ¶ 10.

The 2009 grievance was reviewed and denied by NYU Langone management, and the Union never appealed that denial, brought the grievance to arbitration, or otherwise pursued the dispute, therefore definitively resolving the Union's complaint. *See* Perez Decl. at ¶¶ 10-11.

## GROUNDS FOR REMOVAL

### I. Section 301 of the Labor Management Relations Act Preempts a State Court Action and Requires Removal

The United States District Court for the Southern District of New York has original jurisdiction over this action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), codified in relevant part at 29 U.S.C. § 185(a). Section 301 of the LMRA provides the federal district courts with exclusive jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." *Id*. In interpreting the broad preemptive effect of the LMRA, the United States Supreme Court has held "that when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract, that claim must either be treated as a § 301 claim or dismissed as pre-empted by federal labor-contract law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985).

The Second Circuit also makes clear that "[t]he 'unusual pre-emptive power' accorded Section 301 extends to create federal jurisdiction even when the plaintiff's complaint makes no reference to federal law and appears to plead an adequate state claim." *Vera v. Saks & Co.*, 335 F.3d 109, 114 (2d Cir. 2003).

To effectuate removal, NYU Langone need only submit a "short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), which is satisfied by setting forth a plausible allegation of the relevant jurisdictional facts. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

### A. *Resolution of Plaintiff's Claims Necessarily Involves Interpretation of a CBA*

Plaintiff and all members of the Putative Class are also current and/or former members of the Union. *See* Perez Decl. at ¶¶ 4-5. As Union members, Plaintiff and all of the Putative Class

were and continue to be subject to the CBAs, which set forth the terms and conditions of employment of security officers, including the specific "wage and hour" issues as raised in the Complaint. These terms and conditions include, among other things, wages, working hours, and overtime (*see* Perez Decl. Exh. A at 5-6; Exh. B at 5-6); the treatment of time spent donning and doffing work uniforms (*id*.); mandatory grievance and arbitration of disputes concerning these same terms and conditions of employment (Perez Decl. Exh. A at 7-9; Exh. B at 7-9); and wages (Perez Decl. Exh. A at 19-20; Exh. B at 19-20).

Plaintiff's claims clearly and unavoidably implicate each of these provisions of the labor agreements. First, Plaintiff claims that the Putative Class did not receive "all earned overtime compensation for hours worked after the first forty (40) hours in a week." (Compl. ¶ 26). This allegation falls squarely within the terms of the CBAs, which expressly address the earning, calculation, and payment of all overtime to covered employees. *See* Perez Decl. Exh. A at 5-6; Exh. B at 5-6.

In a similar and equally unavoidable vein, Plaintiff's claim that he and class members were not paid for time spent assembling for duty, changing into and out of uniform, waiting for relief, and other pre- and post-shift activities (*see* Complaint ¶ 31) are squarely addressed by the CBAs (*see* p. 3, *supra*).

Given the CBAs' detailed treatment of precisely the practices which Plaintiff claims Defendant violates, those claims integrally rely on an interpretation of the CBAs and their terms. *See Vera*, 335 F.3d at 115 (resolution of Plaintiff's wage claims brought under the NYLL required interpretation of the controlling collective bargaining agreement); *see also Levy v. Verizon Info. Servs.,* 498 F.Supp.2d 586, 597-99 (E.D.N.Y. 2007) (holding LMRA preemption valid where state law wage claims require "substantial interpretation of CBAs"); *Salamea v. Macy's E., Inc.,* 426 F.

Supp. 2d 149, 154-55 (S.D.N.Y. 2006) (controlling collective bargaining agreement must be interpreted to resolve plaintiff's NYLL claims when "the CBA contains detailed requirements" regarding the claims at issue).

The dependence of Plaintiff's claim upon the interpretation of the labor agreements is further evidenced by the Union's prior initiation of the grievance and arbitration provisions of the CBAs (*see* pp. 3, *supra*) for the same claim. A grievance centering on exactly the same allegations found in the Complaint was pursued in 2009. *See* Perez Decl. at ¶¶ 9-10. This history underscores two distinct and equally important points. First, the labor organization representing Plaintiff understood and acknowledged that the disputes alleged in the Complaint arise under, and should be addressed via, the resolution process contained in, the CBAs. Second, the grievance definitively *resolved* the dispute; and even if there were any doubt about that, then the question of whether the grievance resolved the dispute is itself one concerning the application and interpretation of the CBAs, and therefore preempted by LMRA § 301.

Because Plaintiff's wage claims necessarily depend on the interpretation of the terms and provisions of the CBA, as well as the parties' past practice and resolution of exactly the same issues as alleged in the Complaint, all of the allegations of the Complaint are preempted by Section 301 of the LMRA and should be removed to this Court. *See, e.g.*, *Vera*, 335 F.3d at 116 (affirming removal on the basis of section 301 of the LMRA when resolution of the NYLL claims would require analysis of the controlling CBA); *Salamea*, 426 F. Supp. 2d at 154 (granting removal of a state law action based on Section 301 of the LMRA because "questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law").

B.  *Defendant's Defenses Also Necessarily Involve Interpretation and Application of the CBAs*

This Court also has original jurisdiction of this action under Section 301(a) of the LMRA based on Defendant's anticipated defenses. NYU Langone contemplates a motion to dismiss for failure to abide by the resolution of the Grievance under the current CBA's mandatory grievance and arbitration provisions. Further, if Plaintiff could somehow contend that his claims were not resolved by the 2009 grievance, NYU Langone would contemplate a motion to dismiss the Complaint based on Plaintiff's failure to pursue a grievance under the grievance and arbitration provisions of the CBA and. These motions will necessarily involve interpretation of Article 6 of the CBAs, which expressly involve the same subject matters as alleged in the Complaint, and which require arbitration (rather than litigation) of those subject matters. *See Levy*, 498 F.Supp.2d at 598.

## II.  Defendant Has Satisfied All Procedural Requirements for Removal

NYU Langone was served with the Summons and Complaint on January 22, 2019, through service on the New York Secretary of State. Therefore, this Notice of Removal has been timely filed pursuant to 28 U.S.C. § 1446(b) because NYU Langone filed it within thirty (30) days of receipt of the initial pleading through service or otherwise.

Because NYU Langone is the sole defendant in this action, no other defendant is required to consent to this removal. Pursuant to 28 U.S.C. § 1441(a), assignment to the United States District Court for the Southern District of New York is proper because Plaintiff filed this action in Supreme Court of the State of New York, County of New York.

In accordance with 28 U.S.C. § 1446(a), a copy of "all process, pleadings, and orders" served on or received by NYU Langone in this action are attached as part of Exhibit A.

Upon the filing of this Notice of Removal in the United States District Court for the

Southern District of New York, written notice of removal will be given to Plaintiff. NYU Langone will promptly serve on Plaintiff and file with the Supreme Court of the State of New York, a Notice of Filing of Notice of Removal, as required by 28 U.S.C. § 1446(d). A copy of the Notice to the Supreme Court, without exhibits, is attached hereto as Exhibit B.

## RESERVATION OF RIGHTS

This Notice of Removal is filed subject to and with full reservation of all rights and defenses under federal or state law, including but not limited to defenses and objections to forum, venue, improper service and personal jurisdiction. No admissions are intended hereby as to the propriety of liability or damages with respect to any aspect of this case. Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim for relief or have any merit, or that Plaintiff is entitled to or otherwise may recover any of the amounts described above.

WHEREFORE, Defendant NYU Langone Hospitals respectfully requests that the above action, now pending before the Supreme Court of the State of New York, County of New York, be removed to the United States District Court for the Southern District of New York, and that no further proceedings be had in this case in the Supreme Court of the State of New York, County of New York.

Dated: New York, New York
February 21, 2019

                                          KELLEY DRYE & WARREN LLP

                                          By: */s/ Mark A. Konkel*_____
                                              Mark A. Konkel
                                              Steven R. Nevolis
                                              101 Park Avenue
                                              New York, New York 10178
                                              Tel.: (212) 808-7800
                                              Fax: (212) 808-7897
                                              *Attorneys for Defendant*