# Exhibit A

State of New York - Department of State
Division of Corporations

Party Served:
NYU LANGONE HOSPITALS

Plaintiff/Petitioner:
ARROYO, IVAN

NYU LANGONE HOSPITALS
ATTN GENERAL COUNSEL
550 FIRST AVENUE, HCC-15
NEW YORK, NY 10016

Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of State on 01/22/2019 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW. This copy is being transmitted pursuant to such statute to the address provided for such purpose.

Very truly yours,
Division of Corporations

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

IVAN ARROYO, for himself and on behalf of all others similarly situated,

Plaintiffs,

- against –

NYU LANGONE HOSPITALS,

Defendant.

Index No.

**SUMMONS**

TO THE ABOVE NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED and required to submit to the attorneys of Plaintiffs your answering papers to the Complaint in this action within 30 days after service of this summons. In case of your failure to submit answering papers, judgment will be taken against you by default for the relief demanded in the complaint.

DATED: New York, New York
January 17, 2019

**VIRGINIA & AMBINDER, LLP**

By:  s/ Lloyd Ambinder, Esq.
Lloyd Ambinder, Esq.
James Emmet Murphy, Esq.
Virginia & Ambinder, LLP
40 Broad Street, 7th Floor
New York, New York 10004
Tel: (212) 943-9080

*Attorneys for Named Plaintiff and the putative class*

To:   NYU Langone Hospitals
550 First Avenue  HCC-15
New York, NY 10016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

IVAN ARROYO, for himself and on behalf of all others similarly situated,

Plaintiffs,

- against –

NYU LANGONE HOSPITALS,

Defendant.

Index No.

**CLASS ACTION COMPLAINT**

Named Plaintiff IVAN ARROYO ("Named Plaintiff"), on behalf of himself and all others similarly situated (collectively "Plaintiffs"), by their attorneys, and for their Complaint against Defendant NYU Langone Hospitals ("Defendant"), allege as follows:

### PRELIMINARY STATEMENT

1. This action is brought pursuant to the New York Labor Law ("NYLL") §§ 663, 198, and 12 New York Codes, Rules, and Regulations ("NYCRR") § 142-2.2 to recover unpaid wages, including overtime compensation owed to Named Plaintiff, and all similarly situated persons who are presently or were formerly employed by Defendant.

2. At all times relevant to this litigation, Defendant engaged in a policy and practice of requiring Named Plaintiffs and members of the putative class to regularly work up to and in excess of forty (40) hours in a week without paying them all earned straight time and overtime wages at a rate of one and one-half times their regular hourly wage.

3. The Named Plaintiff has initiated this action on his own behalf, and on behalf of all similarly situated employees, seeking overtime compensation that Named Plaintiffs and all similarly situated employees were deprived of, plus interest, attorneys' fees, and costs.

### THE PARTIES

4. Named Plaintiff Arroyo is an individual residing in the State of New York who worked for Defendant as a security guard.

1

5. Upon information and belief, Defendant NYU Langone Hospital is a domestic not-for-profit corporation organized and existing under the laws of the State of New York with a principal place of business at 550 First Avenue, HCC-15, New York, NY 10016.

## CLASS ALLEGATIONS

6. This action is properly maintainable as a class action pursuant to Article 9 of the New York Civil Practice Law and Rules.

7. This action is brought on behalf of the Named Plaintiff and a class consisting of each and every other person who performed work as a security guard and in other related trades for Defendant at any time between January 2013 and the present.

8. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 40 individuals. In addition, the names of all potential members of the putative class are not known.

9. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

10. The claims of the Plaintiff are typical of the claims of the putative class.

11. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

12. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

13. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FACTS

14. Plaintiff Arroyo and other similarly situated individuals work as security guards for Defendant at various locations in New York City.

2

15. Defendant constitutes Plaintiff's and other similarly situated individuals' employer for purposes of the New York Labor Law and its implementing regulations.

16. Before appearing at their assigned security post at the beginning of each shift, Plaintiff and others similarly situated are required to report to the designated locker room, change into a uniform, and travel to a roll call meeting area with the other security guards, and thereafter report to a designated security post.

17. At the end of each shift, Plaintiff and others similarly situated are required to wait for relief guards to replace them at their security post, and then to travel back to the locker room, change out of their uniform, and store the uniform before they leave Defendant's facilities.

18. Plaintiff and, upon information and belief, all others similarly situated, are not paid for all time between first appearing at their designated locker room building and the beginning of their scheduled shift, and the time they leave the locker room building.

19. The time spent by Plaintiff and others similarly situated between first appearing at the designated locker room building at the beginning of their shift and the time they leave the locker room building after changing and storing their uniform, constitutes compensable work time pursuant to the New York Labor Law and the regulations implementing same.

### FIRST CAUSE OF ACTION
### NEW YORK OVERTIME COMPENSATION LAW

20. Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

21. 12 NYCRR § 142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of 1 ½ times the employee's regular rate" for hours worked in excess of 40 hours in one workweek.

22. NYLL § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

23. Defendant is an employer, within the meaning contemplated, pursuant to NYLL Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

24. Named Plaintiff and members of the putative class are employees, within the meaning contemplated, pursuant to NYLL Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

25. Named Plaintiff and members of the putative class worked more than forty (40) hours per week while working for Defendant.

26. Named Plaintiff and members of the putative class did not receive all earned overtime compensation for hours worked after the first forty (40) hours in a week.

27. By the foregoing reasons, Defendant has violated NYLL § 663 and 12 NYCRR § 142-2.2, and are liable to Named Plaintiffs and members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## SECOND CAUSE OF ACTION
## FAILURE TO PAY WAGES

28. Named Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

29. At all relevant times, Named Plaintiff and members of the putative class have been employees within the meaning of NYLL § 190, et seq., and any supporting New York State Department of Labor regulations.

30. At all relevant times, Defendant has been an employer within the meaning of NYLL § 190, et seq., and any supporting New York State Department of Labor regulations.

31. Unpaid time worked includes, but is not limited to, time spent changing in the

4

locker room, time spent assembling for roll call before each shift, time spent waiting for relief workers to appear at the end of each shift, and time spent at the end of the shift going back to the locker room to change and store the security uniform.

32. Due to Defendant's violations of the NYLL, Plaintiffs and members of the putative class are entitled to recover an amount to be determined at trial, plus interest, attorneys' fees, and costs.

**WHEREFORE**, Named Plaintiff and putative class members demand judgment:

1. on their first cause of action against Defendant, in an amount to be determined at trial, plus interest, attorneys' fees and costs;

2. on their second cause of action against Defendant, in an amount to be determined at trial, plus interest, attorneys' fees and costs; and

3. any other and further relief the Court may deem just and proper.

Dated: New York, New York
January 17, 2019

                VIRGINIA & AMBINDER, LLP

                By:   s/Lloyd Ambinder, Esq.
                    Lloyd Ambinder, Esq.
                    James Emmet Murphy, Esq.
                    Virginia & Ambinder, LLP
                    40 Broad Street, 7th Floor
                    New York, New York 10004
                    (212) 943-9080

                    *Attorneys for Named Plaintiff and the putative class*

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** NEW YORK
-------------------------------------------------------------------X
IVAN ARROYO, et al.,

                    Plaintiff/Petitioner,

      - against -                                   Index No.150525/2019

NYU LANGONE HOSPITALS,
                    Defendant/Respondent.
-------------------------------------------------------------------X

## NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
**You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

**If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically
- free access to view and print your e-filed documents
- limiting your number of trips to the courthouse
- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

Page 1 of 2                EFM-1

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: January 18, 2019

| | |
|---|---|
| Lloyd Ambinder, Esq. | 40 Broad Street, 7th Floor |
| Name | Address |
| VIRGINIA & AMBINDER, LLP | New York, New York 10004 |
| Firm Name | |
| | (212) 943-9080 |
| | Phone |
| | lambinder@vandallp.com |
| | E-Mail |

To:   See summons.

6/6/18

Index #                     Page 2 of 2                     EFM-1